UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KYLE MAURICE PARKS, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | No. 4:18-cv-1385-JMB |
| DIRECT EXPRESS CARD SERVICES, et al., | ) ) ) ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Kyle Maurice Parks, a prisoner, for leave to proceed *in forma pauperis* in this civil action. Also before the Court is plaintiff's amended complaint. Having reviewed plaintiff's motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $23.29. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss this action, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $116.45. The statement does not detail plaintiff's account activity, but it states that he has an account balance of $27.78. The Court will therefore assess an initial partial filing fee of $23.29, which is twenty percent of plaintiff's average monthly deposit.

## Background

Plaintiff is a frequent *pro se* and *in forma pauperis* litigator in this Court. He initiated this civil action on August 20, 2018 by filing a document that appeared to be an attempt to file a complaint against Direct Express Card Services. He neither paid the filing fee nor sought leave to proceed *in forma pauperis*, and the Court ordered him to do one or the other. The Court also ordered plaintiff to file an amended complaint, and provided him with specific instructions regarding how to do so. Plaintiff complied, and the Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Amended Complaint**

3

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Direct Express Card Services ("Direct Express"), John McClellan, and Sprint International Corporation ("Sprint"). According to the amended complaint, Direct Express was the credit card company associated with plaintiff's Social Security disability account. On December 3, 2015, plaintiff used his credit card to remove funds from his account. This became a "major issue" in his subsequent criminal proceedings.[1] Plaintiff requests "total disclosure of all transaction on the date of December 3, 2015, also all communication between [Direct Express] and any government agency concerning the withholding of the requested information, plus $1,000 U.S.D. for compensation."

Next, plaintiff alleges that "the defendant" (presumably McClellan) was the manager of a Red Roof Inn, which was the location of events leading to plaintiff's arrest and prosecution. At trial, the government presented a still photo of plaintiff and two others standing in the hotel lobby. According to plaintiff, the photo was altered and fabricated in violation of his due process rights. "The defendant" was asked to provide a copy of the check-in form, which was done with the time omitted to prevent plaintiff from revealing the fabrication. This amounted to "obstruction of justice and aiding and abetting a criminal violation." Plaintiff seeks a copy of the "check-in invoice showing the time, date and staff who oversaw transaction, plus $2,500 for compensation." Finally, plaintiff alleges that Sprint was his cell phone provider on December 3, 2015, and has digital data for December 3, 2015 that would prove that law enforcement fabricated a photo showing him standing in the Red Roof Inn lobby at a particular time. He seeks the release of that information, plus $25,000 in compensation.

---

[1] On January 12, 2017, a jury found plaintiff guilty of one count of transportation of a minor to engage in prostitution in violation of 18 U.S.C. § 1591(a)(1) and (b)(2); two counts of attempted transportation of a minor to engage in prostitution in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and 1594(a); and six counts of transportation of an individual with intent to engage in prostitution in violation of 18 U.S.C. § 2421(a). On April 19, 2017, plaintiff was sentenced to a total prison term of 300 months, to be followed by a lifetime of supervised release. *United States of America v. Kyle Maurice Parks*, No. 4:17-cr-553-JAR-1 (E.D. Mo. 2017).

## Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, plaintiff does not allege, nor is it apparent, that any defendant is a state actor. In addition, plaintiff's allegations are conclusory and speculative, and fail to state any plausible claims for relief. *See Iqbal*, 556 U.S. at 678. To the extent plaintiff can be understood to bring claims pursuant to state law, this case is subject to dismissal because plaintiff has not properly alleged this Court's jurisdiction, *see* 28 U.S.C. § 1332, and even if he had, as noted above, his claims are too conclusory and speculative to state any plausible claims for relief. This action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $23.29 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

5

Dated this 9th day of October, 2018.

　　　　　　　　　　　　　　　　　*Ronnie L. White*
　　　　　　　　　　　　　　　　　RONNIE L. WHITE
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE